■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VAN JAMES, Appellant.—Judgment, Supreme Court, New York County, rendered on February 8, 1977, affirmed for the reasons stated by Marro, J. Concur— Kupferman, J. P., Lupiano and Birns, JJ.; Sandler and Sullivan, JJ., dissent in the following memorandum by Sullivan, J.: At approximately 6:20 A.M. on October 20, 1976, Police Officer Garard McLernon, and five or six other officers, ran out of the 28th precinct station house, located on 8th Avenue between 122nd and 123rd Streets, in response to information which had just

been provided them by a postal worker, who had come into the station house. The postal worker had told the officers that there was a robbery in progress at a grocery store at 122nd Street and 7th Avenue and that the perpetrators were running west on 122nd Street toward 8th Avenue. As the officers ran down 122nd Street toward the grocery store, they came upon defendant, who was walking in a westerly direction on 122nd Street. Aside from the officers, defendant was the only person on the street. He was drinking beer or soda from a can. It was just daylight. Defendant was then about 80 to 100 feet from the corner of 8th Avenue, about one-half block from the grocery store. As the officers approached, defendant pointed in an easterly direction, and volunteered the statement—"they ran in that direction. They ran into that lot by the barricade." The officers continued running and headed toward the area to which defendant had pointed. But McLernon, bringing up the rear, was suspicious. As he passed defendant, he stopped, extended his left hand, and tapped the right side of defendant's coat. McLernon felt a hard revolver-like object. He reached into defendant's right outside coat pocket, and retrieved a loaded .25 caliber revolver. Defendant was then placed against a wall, and a subsequent search revealed a sawed-off shotgun, also loaded, inside his waistband. A shotgun shell was found in a pocket. After the suppression hearing, at which defendant called no witnesses, Trial Term found that McLernon's suspicions were reasonably aroused when he saw defendant walking alone, one-half block from the reported crime scene, within moments after receiving the report, and that this suspicion was heightened when defendant offered unsolicited information which directed the officers away from him. The only issue on appeal is whether the objective facts available to Officer McLernon supported a reasonable suspicion that defendant had committed a robbery or that he was armed. Without reasonable suspicion the officer could not stop or detain him. *(People v De Bour,* 40 NY2d 210, 223.) Under the circumstances, the mere fact that defendant was walking one half a block from the crime scene in the direction the robbers were reported to have fled was insufficient to justify a reasonable suspicion that he was one of the perpetrators. He was walking, not running, drinking beer or soda. Moreover, he was alone. This conduct was hardly consistent with the report of robbers fleeing from the scene. If anything, his demeanor was in keeping with nonparticipation in the reported crime. His presence on the street near the reported crime scene was not necessarily indicative of criminality, and thus could only justify the minimal intrusion of approaching to request information. *(People v De Bour, supra,* p 223.) No preliminary inquiries were made which would activate a founded suspicion that criminal activity was afoot. The issue then is whether defendant's use of the much parodied "they went that-a-way" furnishes the essential ingredient which, when added to his presence on 122nd Street between 7th and 8th Avenues, creates a reasonable suspicion that he was one of the robbers or that he was armed. While it may be the stuff of good horse opera, it does not constitute that "articulable foundation for the entrenchment upon individual liberty and privacy which a stop and frisk entails" *(People v Johnson,* 30 NY2d 929, 930). That a reasonable suspicion should naturally derive from that statement is belied by the fact that all of McLernon's brother officers saw no villainy in the statement and instead followed defendant's directions. Officer McLernon admitted that he had no reason to believe that defendant was armed until after he patted him down. Thus, the frisk was not based upon any reasonable suspicion that McLernon was in fear of physical danger. *(People v Mack,* 26 NY2d 311; *Sibron v New York,* 392 US 40; CPL 140.50, subd 3; see, also, *Terry v Ohio,*

392 US 1, 24.) The facts within the knowledge of Officer McLernon do not support a reasonable suspicion that defendant was one of the robbers or that he was armed, so as to justify even the limited intrusion involved here. Accordingly, the motion to suppress should have been granted.